Barnard, P. J.
The main feature of the charge for violation of the rule which forbids a policeman to leave his post is substantially admitted. The officer left his post on the night of the 20th of May, 1888, and went into a private house, and stayed nearly three-quarters of an hour. The issue made by the officer was that he was sick, and went into the house because of it. The proof does not sustain the excuse. It is proven that before the officer went out, a young man came out of the area of the house, and said to him, “All right; come. ” This was preceded by a careful looking up and down the street. The officer denies the remark being made, “All right; come.” He did go in, and did stay some considerable time. He produces a book in which *315 he says he made an entry while in the portion of the area of the building in which he says he was. The book is not produced here, and the force of the entry is not presented. The fact is proven that there was no light in the place when the policeman said he made the entry, and then he returned to the stand to deny that he had so testified, but that the entry was made in another place. The commissioner’s finding is not unsupported by the evidence.
The other charge was using bad language, and trying to shoot a brother officer with a pistol. The appellant began the use of language designed to provoke a quarrel. The words were a specific allusion to a circumstance deemed disreputable. An officer asked ttíe accused if he meant him, and he said, “No.” The insulted officer then took the accused by the neck, and, when told to let go by a person present, he did so at once. Wasserman, the accused, then went and got a stick, and that was taken away from him. The accused followed, demanding the stick, and while doing so drew his revolver, and was instantly seized and disarmed by those present. Such an officer has neither the good deportment nor the sufficient control nor the obedience which ought to be possessed by one to whom the public peace and safety are commended. The judgment should therefore be affirmed, with costs.
Pratt, J., concurs.