THE PEOPLE OF THE STATE OF NEW YORK EX REL. HUGH McCORMACK, RELATOR, *v.* STEPHEN FRENCH AND OTHERS, AS POLICE COMMISSIONERS OF THE CITY OF NEW YORK, CONSTITUTING THE BOARD OF POLICE DEPARTMENT OF THE CITY OF NEW YORK, RESPONDENTS.

*Rejection of a witness, because the tribunal does not credit his testimony, is improper.*

Upon the hearing of a *certiorari* to review the action of the police commissioners of the city of New York, in dismissing the relator upon a charge of having assaulted one Danut, it appeared that on the trial the relator had no counsel, and that the examination of the witnesses was conducted by one of the commissioners, the relator asking a few questions by way of cross-examination. That the last witness called for the defendant was examined by one of the commissioners and asked questions as to his business, his connection with the post-office department and his removal therefrom; as a result of which examination the commissioner said: "I do not want your testimony." The relator had asked this witness no question.

*Held,* that no tribunal, proceeding according to the course of the common law, or subjected to its rules in part, can arbitrarily reject a witness called by the accused before he has given his evidence, merely by reason of developments which may affect his credibility with the tribunal in which he appears; that the act of the commissioner was a judgment in anticipation, and, therefore, premature; that, for this reason, the judgment should be reversed.

HEARING upon the return to a writ of *certiorari* issued at a New York Special Term, on June 26, 1888, to review the relator's dismissal from the police by the police department of New York, issued to the respondents, the police commissioners of the city of New York, constituting the board of police of the police department.

*John M. Tierney*, for the relator.

*William L. Turner*, for the respondents.

Brady, J. :

The relator was charged with assaulting one Danut in a restaurant, and on the trial had no counsel. The examination of the witnesses was conducted by one of the commissioners and the defendant on cross-examination asked few questions. The testimony presented against the relator was conflicting, a condition which was increased when he was examined, and a jury might well have found in his favor or disagreed. This view is not important in consideration of the powers of the commissioners who are not wholly controlled by the rules which must prevail in judicial investigation, but it becomes so in connection with an incident of the trial to which reference must be made. The last witness called was for the defendant, whom he succeeded. He was examined by one of the commissioners, and asked questions as to his business, his connection with the post-office department and his removal. This sufficiently appears from the record, indeed, conclusively so, and as a result of such examination the commissioner said : "I do not want your testimony." The relator had asked no question although the witness was called on his behalf, but taken in hand by the commissioner at once and put aside. It does not appear that the defendant did not want his testimony. On the contrary, having been called on his behalf, it must be presumed that he did want it, and it may be, that if given it would have satisfied the commissioners that the charge made was not sufficiently sustained to warrant the relator's dismissal. However that may be, no tribunal, proceeding according to the course of common law or subjected to its rules in part, can arbitrarily reject a witness called by the accused before he has given any evidence, merely from developments which might affect his credibility with the tribunal in which he appears. The act of the commissioner was a judgment in anticipation, and, therefore, premature. It did not follow that the witness because of his removal from the post-office, and seemingly for intoxication, was disqualified. His condition at the time of the occurrence, as to which he was probably called, might have been, and it is to be presumed, was such as to enable him to give an

account of what he saw and heard, and it might be, as already suggested, so impressive as to change the opinions theretofore entertained of the truthfulness of the charge under investigation. For this reason the dismissal cannot be sustained and the judgment of the commissioners must be reversed.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Judgment of the commissioners reversed.