THE PEOPLE *ex rel.* JOHN O. BURKE *v.* STEPHEN
B. FRENCH.

*N. Y. Supreme Court, First Department, General Term, March 29, 1889.*

1 *Municipal Corporation. Police.* Charges, which are preferred by a
captain against a policeman for neglect of duty, need not, under
the rules be verified by oath.

2. *Same, Review.*—The action of commissioners of police in dismissing
a policeman for neglect of duty cannot be reviewed by the gen-
eral term, though the punishment inflicted is greater than the
offense with which he is charged warrants.

Certiorari to review the action of the police commission-
ers in dismissing the relator from the police force of the
city of New York.

*Walter L. McCorkle*, for appellant.

*W. L. Turner*, for respondent.

VAN BRUNT, P. J.—The relator had been for a number
of years a member of the police force, and in April, 1888, he
was charged with neglect of duty. A copy of the charges
was duly served upon him, whereupon the relator admitted
in writing the charges as specified, and waived examination
thereon. Thereafter, at a regular meeting of the board, it
was resolved that the charges were true, and that the relator
be dismissed from the police force.

By the rules of the police department, it is provided that
charges preferred against any member of the police force
must be in writing, and verified by the oath of the com-
plainant, except charges preferred by a commissioner, a
snperintendent, inspectors, captains, sergeants, or chief clerk,
who may make the charges in writing, without oath.

The first point raised is that the charge was made by a
roundsman, and was not verified, under the rule just stated.
But this objection does not seem to be well taken, because
it appears from the record that the charges were preferred
by a captain, the roundsman simply appearing as complain-

ant, and where charges are preferred by a captain, under the rules, they need not be verified by oath.

The argument addressed to us, in this case, seems to be simply an appeal to our sympathy, because of the extreme punishment which was inflicted upon the relator.

Although it may appear to us that the punishment inflicted was greater than the offense with which he was charged warranted, yet we have no power upon that ground to interfere with the action of the police commissioners. They are the sole judges of the punishment to be inflicted, and the relator having admitted to them, in writing, the fact that he was guilty of the charge as preferred, we have no alternative except to affirm the conviction.

The conviction should be affirmed, without costs.

BRADY and DANIELS, JJ., concur.