THE PEOPLE ex rel. FRANCIS P. McGLORY, Appellant, v. J. HAMPTON ROBB et al., Respondents.

*N. Y. Supreme Court, First Department, General Term, May 24, 1889.*

1. *Municipal corporation.   Police.*—The board of commissioners of public parks, in a proceeding to remove a member of the park police, are judges of the credibility of the witnesses.
2. *Same.*—The evidence in such a proceeding may be taken by one commissioner, but a removal must be made by the board.

*Certiorari* to review the action of the park commissioners in removing the relator from the park police.

*John F. McIntyre*, for relator.

*W. L. Turner*, for respondents.

VAN BRUNT, P. J.—It is clear that this court cannot interfere with the action of the respondents.   There were sharp conflicts of testimony between the doctor, who examined the relator upon the evening when he is charged with being intoxicated, and the relator.   The relator claims that he was not intoxicated, but was suffering from an attack of rheumatism, and that his foot and ankle were swollen.   The doctor testified that he examined the foot and ankle and that there was no evidence of swelling, and a firm pressure did not cause the relator to wince, and that he was evidently under the influence of liquor.

It is true that the evidence of the relator was corroborated by that of his wife, but that fact affords no reason for disturbing the conclusion of the commissioners.   If the evi-

dence of the doctor was to be believed, then the evidence of the relator and his wife was untrue. Of the credibility of the witnesses the board were the judges, and they probably reached a correct conclusion.

As to the regularity of the proceedings, no valid objection has been stated. In similar proceedings it has been held that the evidence may be taken by one commissioner, although a removal must be made by the board.

The writ must be dismissed, but without costs.

DANIELS and BRADY, JJ., concur.