THE PEOPLE *ex rel.* PATRICK McALEER *v.* STEPHEN B. FRENCH *et al.*

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Municipal corporation. Police.*—The decision of the police commissioners in dismissing an officer from the force, though the punishment is utterly disproportionate to the gravity of his offense, cannot be reviewed by the general term.

2. *Same. Intoxication.*—The fact that the liquor, which caused the intoxication, was drunk because of sickness, constitutes no defense, but presents merely extenuating circumstances in mitigation of the punishment which the relator has incurred by reason of his offense.

3. *Same. Trial.*—The relator must present his witnesses and offer their testimony, in order to render its rejection error.

*Certiorari* to review determination of police commissioners, dismissing relator.

*E. T. Wood*, for appellant.

*Henry R. Beekman* and *W. L. Turner*, for respondent.

VAN BRUNT, P.J.—Although the punishment which has been visited upon the relator, admitting that the proof satisfactorily established his guilt of the offense charged, seems to be utterly disproportionate to the gravity of his offense, taking into consideration the fact of eighteen years meritorious service, we do not see, under the rules laid

down by the court of appeals, that we can interfere with the finding of the commissioners. In fact the evidence seems to show that the relator was under the influence of liquor at the time at which he was charged. The evidence in respect to the circumstances under which the liquor was drunk, namely because of sickness, presented merely extenuating circumstances in mitigation of the punishment which the relator had incurred by reason of his offense. This was a question to be addressed to the discretion of the commissioners, and this discretion we cannot review.

The claim that he was deprived of his right of calling witnesses, or that there were informalities in the proceedings upon the trial, does not seem to be sustained by the record. It is true that he was examined in the first instance by the commissioners. That they had a right to do. It is also true that he suggested or asked if he should call other witnesses. But he made no proffer of such witnesses ; he did not offer to have them sworn, and it does not appear that he had them present, although notified of the time and place of trial. And in this respect the case differs from the Case of McCormack, where the witness was actually produced and his testimony offered, and rejected because in the opinion of the commissioner his testimony was unreliable.

Although we are of the opinion that great injustice has been done to the relator by reason of the severe punishment inflicted upon him for an offense committed under the circumstances in which the evidence shows the offense in question was committed, we cannot grant any relief, and must dismiss the writ, but without costs.

DANIELS and BRADY, JJ., concur.