THE PEOPLE *ex rel.* JOHN IRVING *v.* STEPHEN B. FRENCH *et al.*, POLICE COMMISSIONERS OF THE CITY OF NEW YORK.

*Supreme Court, First Department, General Term, July 9, 1889.*

*Municipal corporation. Police.*—On certiorari to review the action of the police commissioners in removing a patrolman, the determination of the board, when not against the weight of evidence, and where no question of law arises, will be sustained.

Writ of certiorari to review a determination of the board of police commissioners dismissing the relator from the police force of the city of New York.

*John N. Tierney,* for relator.

*Henry R. Beekman* and *W. L. Turner,* for respondents.

BARTLETT, J.—The relator has been dismissed from the police force for conduct unbecoming an officer in having, without cause or justification, engaged in a disgraceful street brawl and fight with another patrolman, whom he assaulted with his club late in the evening of January 12, 1888. The evidence established the fact that the relator

and patrolman Joseph P. McGuire became engaged in a fight in Bleecker street, between Broadway and the Bowery, between half-past ten and eleven o'clock at night, and the principal question to which the proof was directed on the hearing was whether McGuire first assaulted Irving, or Irving first assaulted McGuire.

The testimony on this subject was exceedingly conflicting, and when read in the record before us we cannot say that it does not leave some doubt as to whether a correct result was reached. However, the proof is ample to sustain the finding that the relator struck the first blow, and although the evidence to this effect was contradicted, the police commissioner who heard the case and saw the witnesses, must be deemed the best judge of their credibility, and we are not disposed to interfere with his conclusion in that respect. It is true that the testimony of McGuire as to the origin of his difficulty with Irving differed somewhat from the statement which he made to the inspector at the central office on the night of the assault and immediately after it, but we are not prepared to say that the discrepancy was such as to call upon the commissioner to discard McGuire's evidence, especially in view of the fact that it was corroborated by the testimony of other witnesses. On the whole case there is no such preponderance of proof against the existence of the facts necessary to maintain the charge upon which the relator was tried as would require a court to set aside the verdict of a jury affirming such facts. Code Civil Pro., section 2140, subd. 15. No question of law arises in the case, and as the determination of the police board is not against the weight of evidence, it is the duty of this court to sustain it. The proceedings should be affirmed and the writ of certiorari dismissed, with costs.

VAN BRUNT, Ch. J., and MACOMBER, J., concur.