THE PEOPLE *ex rel.*, MICHAEL MONAGHAN *v.* STEPHEN B. FRENCH *et al.*

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Municipal corporation. Police.*—In order to claim a consideration upon its merits, a writ of *certiorari* to review the decision of the police commissioner, dismissing a member from the police force, should be prosecuted with reasonable diligence.
2. *Same. Cause.*—Any conduct unbecoming an officer, is sufficient cause for removal.
3. *Same. Power to dismiss.*—If there is any proof showing conduct unbecoming an officer, the board of commissioners have a right to dismiss the relator from the force, and the general term will not disturb their action.

*Certiorari* to review the dismissal of the relator from the police force.

*Sydney H. Stuart*, for relator.

*Alex. D. Keyes*, for respondent.

VAN BRUNT, P. J.—The relator was dismissed from the police force on the 26th of May, 1883, and on the twenty-fifth of September of the same year the writ of *certiorari* was granted.

Nothing was done under the writ until the present time, and the writ might very well be dismissed without considering the merits on the ground of the relator's laches in not bringing it to a hearing. If he intended to insist upon his appeal, he was bound to prosecute with reasonable diligence and not allow it to lie for nearly six years and then claim a consideration of the writ upon its merits, whereby if a determination should be given in his favor he would be entitled to recover his salary for six years without rendering any services.

We think, under such circumstances, the writ should be quashed without considering the merits. But if the merits are to be considered, the conclusion arrived at by the police board must be sustained. The relator was charged with conduct unbecoming an officer, the specification being that on the 17th of May, 1883, at 2:30 A. M., he was under a stoop at 200 West Fourth street, with a drunken woman, with her clothes disarranged and his hat lying on the pavement, and that he failed to arrest said woman during his tour of patrol duty.

It is not necessary to consider the evidence adduced before the commissioners in detail. There was more than ample evidence to justfy the commissioners in coming to the conclusion which they did. The statements of the relator to his brother officer, requesting him to make no mention of it, was sufficient to show that he knew that he had been doing that which was not within the sphere of his duty as a police officer. The evidence of the woman directly implicated the officer in the doing of an act which was certainly unbecoming an officer while on duty, and which, if true, under the circumstance, called for speedy punishment.

It is true that her tale was not entirely consistent, but the circumstances testified to corroborated her in many of its details ; and although the relator denies having assaulted her in any way, yet there is sufficient evidence to justify the commissioners in coming to a different conclusion.

It is urged also, upon the part of the relator, that the charge made against him was that of rape, and there was no evidence sufficient to sustain that charge, and that he was examined before a police magistrate and discharged from custody, because there was not sufficient evidence to justify the sending of the case to the jury.

The relator was not tried before the commissioners upon any charge of rape, the only charge against him being that he was seen in this compromising position with this drunken woman, and had failed to arrest her during his tour of patrol

duty. There was no intimation that he was charged with having raped this woman. It may be true that, in the course of the evidence, testimony was given tending to show that a rape had been committed, but this was not what he was charged with. No specification of that kind was contained in the charges, and if there was any proof showing conduct unbecoming an officer, as there undoubtedly was ample, the board of commissioners had a right to dismiss him from the force, which they did, and we should not disturb their action.

The proceedings should be affirmed and the writ quashed, with costs.

BRADY and BARTLETT, JJ., concur.