THE PEOPLE OF THE STATE OF NEW YORK, *ex rel.*,
    CHARLES McLEAVY, Relator, *v.* STEPHEN B. FRENCH *et
    al.*, Commissioners, etc., Respondents.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Municipal corporation.  Police.*—Where the police commissioners have
    acquired jurisdiction by reason of an admission of neglect of duty by a
    member of the police force, their decision as to the extent of the pun-
    ishment is final.

Writ of *certiorari* to review judgment of respondents dis-
missing relator from police force.

*John M. Tierney*, for relator.

*Edward J. Hawks, Jr.*, for respondents.

VAN BRUNT, P. J.—The relator was charged with neglect
of duty, the specification being that he did not properly
patrol his post upon a certain occasion during his tour of
patrol duty.

The relator admits that he went off his post and fell asleep,
and he did not awaken until the roundsman was there.

The existence of this dereliction of duty gave the respond-
ents jurisdiction of the relator for purposes of discipline,
and with the extent of the punishment inflicted we have
nothing to do.  The writ must be dismissed, with costs.

BARRETT and DANIELS, JJ., concur.

NOTE ON " REMOVAL OF POLICEMEN."

The statute. empowers police commissioners to remove for breach of discipline.  People *ex rel.* Allen *v.* Martin, 55 Hun, 609.

Authority of board of police commissioners, under chap. 497 of 1870, is continuous and unlimited as to time.  People *ex rel.* Smith *v.* Board, etc., 55 Hun, 611.

As to the power of police commissioners to dismiss officers for misconduct, see People *ex rel.* Deley *v.* French, 52 Hun, 90.

Intoxication, induced by medicine prescribed for sickness, is no excuse for misconduct.  Id.

Gross drunkenness, though not while on duty, is a sufficient ground for a discharge.  People *ex rel.* Gesser *v.* French, 51 Hun, 639.

The proof of habitual drunkenness establishes the charge of conduct unbecoming an officer. People *ex rel.* Clark *v.* French, 55 Hun, 640.

Degrees in the matter of intoxication cannot be considered on appeal. People *ex rel.* O'Reilly *v.* McClave, 59 Hun, 623.

The intoxication of a police officer produced by moderate drinking, is not excusable.  People *ex rel.* Sayre *v.* McClave, 57 Hun, 587.

The amount of punishment to be inflicted for breach of discipline is entirely discretionary with the commissioners.  Id.

On the trial of a charge against a police officer, he may be examined by the commissioners, unless he places his objection on the ground that it will tend to criminate him.  People *ex rel.* Weston *v.* Commissioners, Id.

Intoxication establishes the offense in the absence of proof or explanation.  People *ex rel.*  McAleer *v.* French, 119 N. Y. 502; aff'g 53 Hun, 635.

Neither the court of appeals nor the supreme court can interfere with the extent of the punishment.  Id.

The supreme court will reverse the determination when it would set aside verdict as against weight of evidence.  Id.

The relator, whose intoxication is produced by liquor in necessary medicine, is guilty of no offense.  People *ex rel.* Hogan *v.* French, 119 N. Y. 493; rev'g 54 Hun, 637.

As to when intoxication is not a cause for removal, see case last cited.

Drinking liquor because of sickness presents only mitigating circumstances.  People *ex rel.*  McAleer *v.* French, 53 Hun, 635.

In People  *ex rel.*  Goodwin *v.* MacLean, 62 Hun, 42, the relator tendered to the police commissioners his resignation as a police officer which was accepted by them.  The resignation was obtained through coercion and duress exercised by his sergeant.  The relator subsequently demanded reinstatement.  The circumstances under which the resignation was executed was not brought before the board.  It was held that the accept-

ance of the resignation was valid and relator ceased to be a member of the force; and that his election to disaffirm did not render such acceptance invalid.

The decision of the commissioners, reversed on *certiorari* for the admission of improper evidence, is no bar to a re-hearing. People *ex rel.* McCormack *v.* McClave, 55 Hun, 609.

The board of park commissioners of New York city has a right to remove a policeman on the charge of indecent exposure. People *ex rel.* Sullivan *v.* Robb, 61 Hun, 625.

Police commissioners, under chap. 262 of 1887, have no power of removal on account of insane delusions. People *ex rel.* Powers *v.* Robb, 55 Hun, 425.

Suspension on half pay only is allowed for physical or mental disability, unless permanent. Id.

The use of a pistol in attracting the attention of a brother officer does not violate rule 199 of the N. Y. police department. People *ex rel.* Walsh *v.* MacLean, 55 Hun, 609.

The failure to report a case of attempted rape is ground for dismissal. People *ex rel.* Reilly *v.* Bell, 24 N. Y. St. Rep. 301.

The city court has no power to review a sentence of removal. Id.

The claim of illness as an excuse or absence from duty must be certified by a police surgeon. People *ex rel.* Harvey *v.* McClave, 59 Hun, 623.

The provision of § 3, chap. 163 of 1890, is directory merely. Matter of Taylor, 31 N. Y. St. Rep. 987.

For a case where a failure to take the oath, under this statute, within thirty days, was held not to justify a discharge from the force, see case cited above.

In the proceedings to remove a policeman, the evidence of the commission of the offense must be positive, and not inferential. People *ex rel.* Roe *v.* McLean, 57 Hun, 141.

There is a failure of proof to sustain the charge of absence from his post, where there is no evidence that the relator was on tour of duty at the time. Id.

The commissioners err in considering his previous record, where it is not given in evidence on the trial, or relator given an opportunity to explain it. Id.

It is no excuse that the violation of the rules of the police department was a mere mistake of judgment. People *ex rel.* Manning *v.* McClave, 57 Hun, 587.

The officer, where the evidence as a whole is clearly reconcilable with the presumption of innocence, should not be removed. People *ex rel.* Hefferon *v.* McClave, 57 Hun, 587.

Where the habits of a policemen are such that they render him liable to be unfit for duty, and such a result has arrived, commissioners may remove him for such cause from the force. People *ex rel.* Cunningham *v.* Robb, 57 Hun, 588.

Wilfully maltreating a prisoner is good ground for removing a patrolman

under rule 133 of Brooklyn Police Department.   People *ex rel.* Frey *v.* Bell, 57 Hun, 590.

The removal for neglect of duty in failing to arrest, under the circumstances of this case, was held improper.   People *ex rel.* Sciford *v.* McLean, 59 Hun, 603.

As to mental condition of policeman which justifies his removal, see People *ex rel.* Cline *v.* Robb, 58 Hun, 604.

Where an officer left his post and remained in a private house for nearly an hour, a finding that he was guilty of leaving his post in violation of Rule 109 is not erroneous.   People *ex rel.* Wasserman *v.* Bell, 50 Hun, 606.

So, using language calculated to offend another officer, and attempting to use his club and revolver on him, constitute "conduct unbecoming an officer."   Id.

A member of a city police force has a right to appear and defend before the police board by counsel.   People *ex rel.* Campbell *v.* Hannan, 56 Hun, 469.

A policeman, tried upon charges before the board of commissioners, is entitled to counsel.   People *ex rel.* Van Hise *v.* Board, etc., 58 Hun, 224.

The officer on trial may be examined before case is made out against him.   People *ex rel.* Weston *v.* McClave, 123 N. Y. 512.

Calling relator as first witness, in absence of objection, is no ground for reversal.   People *ex rel.* Koenig *v.* French, 55 Hun, 608.

Park policemen may be removed without formal written charges or inquiry in the nature of a trial thereon.   People *ex rel.* Cline *v.* Robb, 126 N. Y. 180.

Evidence for removal of policeman may be taken before one commissioner.   People *ex rel.* McGlory *v.* Robb, 53 Hun, 629.

The rule that the hearing shall be had before the president, who shall report the evidence to the board of trustees, in case of a recommendation for dismissal, is valid.   People *ex rel.* Sinnot *v.* Board, etc., 55 Hun, 606.

A removal cannot be sustained where the evidence disproves the charge.   People *ex rel.* Munson *v.* McClave, 57 Hun, 587.

The evidence, in this case, was held sufficient to establish the charge of a violation of the rules of the department and neglect of duty.   People *ex rel.* Little *v.* Robb, 55 Hun, 607.

The evidence, in this case, was held sufficient to sustain charge against relator.   People *ex rel.* Quinn *v.* Robb, 56 Hun, 649.

The punishment of a policeman is not subject of review.   People *ex rel.* Robinson *v.* Bell, 55 Hun, 610.

Policeman must make arrest though "off duty."   Id.

The decision of the commissioners as to the punishment is final.   People *ex rel.* McLeavy *v.* French, 54 Hun, 637.

The discretion of the commissioners cannot be reviewed by the general term.   People *ex rel.* McAleer *v.* French, 53 Hun, 635.

The action of the commissioners in dismissing a policeman for neglect of duty cannot be reviewed.   People *ex rel.* Burke *v.* French, 52 Hun, 610.

The power of the court to reverse the proceedings of the police commissioners in removing a member of the police force is limited to those cases where there is no evidence to support the conclusion reached; or, if there is some evidence, the preponderance of proof is so great against such conclusion that, if it was the verdict of a jury, such verdict would be set aside as against the evidence. People ex rel. Markell v. French, 63 Hun, 633.

The general term cannot interfere with the determination of the police commissoners, unless in case where it would reverse a verdict upon the same evidence. People ex rel. McGowan v. MacLean, 59 Hun, 625.

Where there is no such preponderance of evidence in the relator's favor as to permit a verdict against him to be set aside, the question is one for the commissioner to decide. People ex rel. Mahoney v. MacLean, 58 Hun, 603.

The court cannot set aside the decision of the police commissioners against the weight of evidence, where it, upon the same evidence, would not set aside the verdict. People ex rel. O'Callahan v. French, 55 Hun, 608.

An appeal is not available, unless the evidence so preponderates as to require the court to set aside the determination of the commissioners. People ex rel. Fanning v. MacLean, 59 Hun, 623.

The appellate court cannot interfere with the conclusion of the commissioners based on undisputed evidence. People ex rel. Carrigan v. Board, etc., 121 N. Y. 716.

The determination of the commissioners in removing a policeman, on entirely uncontroverted evidence cannot be questioned. People ex rel. Lorch v. French, 56 Hun, 642.

A finding against the relator, when not against the weight of evidence, will not be disturbed. People ex rel. Butts v. MacLean, 60 Hun, 577.

The removal of the relator, in this case, was held to be against the preponderance of evidence. People ex rel. Blake v. French, 57 Hun, 588.

The decision of the commissioners, when not against the weight of evidence, will be sustained. People ex rel. Irving v. French, 53 Hun, 636.

The commissioners are justified in disregarding the attempted explanation and removing relator, where the preponderance of the testimony is decidedly against his defence. People ex rel. McCormick v. French, 56 Hun, 650.

The dismissal of the relator by the commissioners, where the charge was fully established, will not be disturbed. People ex rel. Westlotorn v. MacLean, 60 Hun, 584.

The decision of the commissioners will be sustained, where there is no preponderance of evidence in favor of the relator. People ex rel. Lafferty v. French, 37 N. Y. St. Rep. 55.

Where the evidence will support the verdict, the decision of the commissioners will not be disturbed. People ex rel. Winchell v. MacLean, 59 Hun, 623.

Where the evidence justifies the conclusion that the relator added to the effect of medicine by the use of liquor, the decision of the commissioners will not be disturbed. People ex rel. Bohan v. MacLean, 59 Hun, 623.

Note on " Removal of Policemen."

The conclusion of the police commissioners, sustained by the evidence, will not be set aside. People ex rel. Taylor v. MacLean, 60 Hun, 578.

The determination of the commissioners in removing a relator will not be disturbed, where there is evidence to support the charge. People ex rel. Dermody v. McClave, 58 Hun, 604.

Where the evidence is sufficient to prove the specification, and is only answered by an explanation which is not conclusive, the finding of the commissioners will not be disturbed. People ex rel. Rouse v. French, 58 Hun, 604.

The finding of the police commissioners is final, when supported by the evidence. People ex rel. Brooks v. MacLean, 58 Hun, 604.

The determination of the commissioners, supported by proof, will not be disturbed. People ex rel. Farley v. MacLean, 58 Hun, 604.

The action of the police commissioners, upon ample proof, will not be disturbed. People ex rel. Monaghan v. French, 53 Hun, 637.

The determination of the commissioners will not be disturbed, where the evidence is sufficient to support it. People ex rel. Costello v. McClave, 60 Hun, 583.

The decision of the commissioners removing the relator, supported by competent evidence, will be affirmed. People ex rel. O'Sullivan v. French, 54 Hun, 637.

Where there is evidence to sustain the charge, the decision of the commissioners removing the relator should be sustained. People ex rel. Cagney v. McLean, 57 Hun, 587.

The general term will not interfere with the determination of the police commissioners in removing an officer from the force, in case of conflicting evidence. People ex rel. Steele v. French, 57 Hun, 586.

On the proceedings to remove a police officer, it is for the commissioners, upon conflicting evidence, to determine whether the charge is, or is not, sustained. People ex rel. Hansen v. McClave, 56 Hun, 642.

The conclusion of the commissioner, upon conflicting evidence in removing a patrolman, will not be disturbed. People ex rel. Flynn v. Hayden, 40 N. Y. St. Rep. 821.

The commissioners' decision, on conflicting evidence, cannot be reversed. People ex rel. Heffernan v. McClave, 55 Hun, 609.

In case of conflicting evidence, the question is one of fact for the commissioners to decide. People ex rel. Reister v. French, 57 Hun, 587.

The question of an officer's guilt, on conflicting evidence, is one of fact, and the decision of the commissioners cannot be disturbed. People ex rel. Dolan v. McLean, 57 Hun, 587.

When the question is a doubtful one, the action of the police board will not be reversed. People ex rel. Carman v. McLean, 58 Hun, 611.

The removal of a policeman on the charge of being in a liquor store during his tour of patrol duty cannot be sustained, where there is no evidence that he was on patrol duty at the time. People ex rel. O'Rau v. MacLean, 63 Hun, 663.

The police commissioners of the city of Albany may take notice of the

conviction of a police officer for crime, and treat him thereafter as not a member of the force. People ex rel. McTigue v. Manning, 62 Hun, 619.

The rule undoubtedly is that the commissioners are statutory judges. People ex rel. Boekell v. MacLean, 42 N. Y. St. Rep. 690. When they find on conflicting evidence, their judgment should not be set aside, except in a case where the verdict of a jury would, under like circumstances, call for the exercise of the supervisory power of the court to correct error and injustice. Id. The commissioners, while exercising quasi judicial functions, must weigh the testimony offered before them according to legal rules, and give effect to explanations which tend to mitigate or explain away the offense charged. Id. For their failure to give proper effect to the explanation, their adjudication will be reversed. Id. The power of the court at general term to review the finding of the commissioners is conceded; but the court of appeals generally accepts their finding, when approved of by the general term upon certiorari, as conclusive. Id.; People ex rel. Hogan v. French, 119 N. Y. 493; People ex rel. McAleer v. Same, Id. 502; People ex rel. Masterson v. Same, 110 Id. 494.