PEOPLE *ex rel.* O'CALLAHAN *v.* FRENCH *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* January 24, 1890.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMEN.

　　Where the evidence charged against a policeman charged with neglect of duty was that he was in a store, apparently drunk and asleep, during his tour of patrol; that being asked, on coming out, what he was doing in there, he replied, "Nothing," but afterwards said some one was sick in there, which the storekeeper contradicted; and his own testimony was that he felt a dizziness, but did not know what ailed him, and went in the store, but that he had not been drinking,—the decision of the commissioners dismissing him will not be disturbed.

*Certiorari* to review the judgment of the police commissioners dismissing David O'Callahan from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Lewis J. Grant,* for relator. *Edward H. Hawk, Jr.,* for respondents.

DANIELS, J. In the charge made against the relator, it was stated that he had neglected his duty as a patrolman of the Fifth precinct, and the specification accompanying the charge was that he was absent from his post, sitting down asleep in a chair, in a shoe-store at No. 202 Church street, at 11:50 in the forenoon on the 26th of September, 1888. It was further specified that he was absent from his post, and came out of the store, during his tour of patrol duty. And this charge embodied such an offense as to render him liable to be removed from his position as a member of the police force, upon proof being given which reasonably and fairly sustains it; for by rule 193, relating to the police force, any member of it may be punished by the board, in their discretion, either by retirement, forfeiture and withholding pay not exceeding 30 days for any one offense, or by dismissal from the force, and it is declared to be an offense for which a dismissal may be ordered for the officer to be guilty of neglect of duty. These specifications were served upon the relator, and a hearing afterwards took place before Commissioner French, and upon that hearing the witness A. J. Bates testified that he saw the relator at his place of business, which was 202 Church street; that he was sitting in a chair, and partly lying on the counter, and seemed to be asleep. His testimony was further to the effect that the officer was in his uniform, and that this occurred during his tour of patrol. Another witness, who was a member of the force, testified that he saw the relator coming out of the store, and asked him what he was doing there, and that he replied, "Nothing," at first, and then afterwards stated that some one was sick in the store. At this time he says that Mr. Bates was in the door, and he asked him if any one was sick there, and he informed him that there was not, and he stated, further, that the relator seemed to be dazed and under the influence of liquor. This evidence directly tended to prove the commission of the of-

fense charged in the specifications against the relator. He was then sworn and examined in his own behalf, and testified that he was on post, and felt a dizziness or weakness, and went in and sat down; that he sat near the door, and did not know what was the matter with himself, but denied having been drinking. The testimony obtained from the relator in this manner was by no means controlling over the case. It was still one to be considered and decided by the commissioners, and the evidence was reported to them by Commissioner French for that object, and upon its consideration they concluded the relator to have been proven guilty of the charge, and for that reason directed his dismissal from the force. The state of the evidence was such that if it had been given upon a trial in a court of law, and a jury had found the fact as the commissioners did, that the misconduct charged had been proved, the court would have no power to set aside their verdict as against the weight of evidence; and not having the power, under the provisions of the law, to interfere in a trial in that manner, the court is not at liberty to exercise any greater authority over the decision and determination of the commissioners made upon the effect of this evidence. *People* v. *French,* 110 N. Y. 494, 18 N. E. Rep. 133; *Same* v. *Same,* 6 N. Y. Supp. 213. The officer had been a member of the force for 19 years, and his dismissal from the service may seem to be harsh, under the evidence given to support this charge. But that was a matter that addressed itself exclusively to the commissioners before whom the case was heard and decided. The decision made by them should be affirmed, and the writ dismissed. All concur.